**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

SOUTHERN STAR FOODS, INC.,

Debtor.

---

KENNETH G.M. MATHER,
Trustee for the Estate of Southern
Star Foods, Inc.,

Appellant,

v.

NORTHFIELD FREEZING
SYSTEMS, INC.,

Appellee.

No. 98-7152
(D.C. No. 96-CV-662-B)
(E.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Kenneth G. M. Mather, the trustee in bankruptcy for the estate of the debtor, Southern Star Foods, Inc., appeals the district court's order affirming the bankruptcy court's decision that appellee, Northfield Freezing Systems, Inc., had a perfected security interest in certain meat freezing and processing equipment. The debtor had the use and possession of the equipment under a March 1992 Lease Agreement with Northfield whereby the debtor was to make a payment of $45,000 plus $8,364 per month for sixty months with no right to terminate the agreement. One of the terms of the Lease Agreement provided that, after making the final payment, ownership of the equipment would transfer automatically to the debtor. In December 1994, the debtor arranged to sell its business, but shortly before the sale was to occur, its creditors filed the underlying involuntary bankruptcy petition. Thereafter, the bankruptcy court approved the sale, but did not authorize distribution of the proceeds. See Mather v. Oklahoma Employment Sec. Comm'n (In re Southern Star Foods, Inc.), 190 B.R. 419, 422 (Bankr. E.D. Okla. 1995) (Southern Star Foods I). Apparently under the mistaken belief that the court had authorized distribution of the

proceeds, $275,000 was paid to Northfield to retire the outstanding obligation on the Lease Agreement. Additional background facts are provided in Southern Star Foods I and Mather v. Northfield Freezing Systems, Inc. (In re Southern Star Foods, Inc.), 202 B.R. 784 (Bankr. E.D. Okla. 1996) (Southern Star Foods II).

The trustee commenced this adversary proceeding to recover the $275,000 from Northfield on the ground that the payment was not authorized by the bankruptcy court. Northfield claimed it had a perfected security interest under the Lease Agreement and associated financing statements. The bankruptcy and district courts agreed, and ruled that Northfield was a creditor with a perfected security interest in the equipment and was entitled to the $275,000. The trustee appeals. We exercise jurisdiction under 28 U.S.C. §§ 158(d), 1291 and affirm.

"We review the decision of the bankruptcy court under the same standards of review that govern appellate review in other cases." Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir. 1990). The issues presented here are questions of law, which we review de novo. See id.

On appeal, the trustee argues that the Lease Agreement did not create a security interest and that the bankruptcy and district courts' decisions finding an enforceable security interest are contrary to policy and equity. We have carefully reviewed the record on appeal, as well as the briefs submitted by the parties and the applicable law. Applying the standards set out above, we affirm

-3-

the judgment of the district court for substantially the reasons stated in the district court's September 30, 1998 order, see Appellant's App., tab 12, at 160, and the magistrate judge's November 26, 1996 memorandum opinion and order, see Southern Star Foods II , 202 B.R. at 784.

AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge